IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

UNITED STATES OF AMERICA

VS.  CAUSE NO. 2:06cr1-KS-RHW

KIMBERLY CASTLE, ET AL

ORDER

This cause is before the Court this day on Motion to Sever or in the Alternative, to Impanel Separate Juries filed by Defendant Kimberly Castle and the Court after considering the Motion, Response, and authorities cited therein and hearing oral argument from the attorneys, does hereby find that the Motion to Sever should be **overruled** for the hereinafter stated reasons.

PROCEDURAL BACKGROUND

Movant, Kimberly Castle, ("Castle") along with eight other individuals are indicted in a twelve count indictment. Castle is charged in each of the twelve counts.  All of the counts of the indictment revolve around an alleged financial scheme wherein the Defendants are charged with conspiring to inflate prices on houses to defraud mortgage companies. The Defendants each had separate roles and Castle is alleged to have been the attorney who closed the sales and loans for each of the transactions. Through oral argument Castle's attorney has informed the Court that all of the charges submitted against her revolve around her submitting HUD 1 statements that were false.  The basis for the allegations of false submissions is that the down payments stated in the HUD 1 forms were actually made by others and not by the borrowers themselves. These alleged false statements were necessary to complete the transactions and cause the mortgage companies

to advance funds for the transactions.

The current indictment is a superceding indictment that was brought by the Grand Jury on June 21, 2006.

## APPLICABLE LAW

Generally, "persons indicted together should be tried together particularly in conspiracy cases." *United States v. Pettigrew*, 77 F. 3d 1500, 1517 (5th Cir. 1996)(citing *United States v. Neal,* 27 F. 3d 1035, 1045 (5th Cir. 1994), *cert. denied* 513 U.S. 1048 (1995)).

The severance of co-defendants under Rule 14 of the Federal Rules of Criminal Procedure is committed to the sound discretion of the District Court for defendants who are properly joined under Rule 8(b) of the Federal Rules of Criminal Procedure. Therefore, this Court must first be satisfied that the defendants were properly joined in the first instance.  Rule 8(b) provides:

> Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses.  Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count.

As Rule 8(b) makes clear, it is not necessary that each defendant be charged in each and every count of the indictment.  "All that is required is 'a series of acts unified by some substantial identity of facts or participants.'" *United States v. Kenning*, 93 F. 3d 1257, 1266 (5th Cir. 1996), citing *United States v. Dennis*, 645 F. 2d 517, 520 (5th Cir. Unit B), *cert. denied* 454 U.S. 1034, 102 S. Ct. 573, 70 L. Ed. 2d 478 (1981).  It is therefore abundantly clear to this Court that movant was properly joined in the original indictment as the transactions are alleged to have

involved her and she is named in each count in the indictment.

However, even one properly joined under Rule 8(b) may be entitled to a severance under Rule 14. That rule provides:

> If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever relief justice requires.

The Supreme Court has held "a district court should grant a severance under Rule 14 only (emphasis added) if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 113 S. Ct. 933, 122 L. Ed. 2d 317, 325 (1993). Further, "[t]here is a preference in the federal system for joint trials of defendants who are indicted together." Id. at 324.

This Court finds that this Defendant has failed to show a specific or compelling prejudice to herself from the alleged quantitative disparity or the possible prejudicial spillover effect of the evidence against her co-defendants in this joint trial.

To the extent that this Defendant alleges that the jury will be confused by the evidence and that limiting instructions will not suffice, the Court would point out that

> [t]he test for severance under Rule 14 is whether the jury could sort out the evidence reasonably and view each defendant and the evidence relating to that defendant separately. If cautionary instructions are deemed sufficient, severance is not required.

*U.S. v. Merida*, 765 F.2d 1205, 1219 (5th Cir. 1985).

The Supreme Court has also countenanced the district courts to use "less drastic

measures; such as limiting instructions before relying on severance." *Zafiro*, 122 L. Ed. 2d at 325.  As the *Zafiro* Court went on to hold "even if there were some risk of prejudice, here it is of the type that can be cured with proper instructions, and 'juries are presumed to follow their instructions.'" *Zafiro*, 122 L. Ed. 2d at 326, quoting *Richardson v. Marsh*, 481 U.S. 200, 211, 107 S. Ct. 1702, 95 L. Ed. 2d 176 (1987).

## FINDING

This Court is unfamiliar with the facts of the case except as have been brought to the Court's attention through this motion and a reading of the indictment.  It appears that this Defendant, Castle, is alleged to have been involved throughout the course of events. She is named in all counts of the indictment. In argument her attorney stated that the only ground against her is that she submitted documents that contained a statement that was not true when she submitted the HUD 1 form. This may be the case, although discovery is not complete, and this Court finds that there is not sufficient quantitative disparity or possible spillover shown at this time to require a severance.  Should additional information come to the Defendant's attention or to the attention of the Court, this motion can be reurged. However, this Court finds that the Motion for Severance or For Impaneling a Separate Jury should, at this time, be **overruled**.

SO ORDERED AND ADJUDGED   on this, the 25th day of July, 2006.

s/ *Keith Starrett*
UNITED STATES DISTRICT JUDGE