IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

UNITED STATES OF AMERICA

v.                                                          **SUPERSEDING INDICTMENT**
                                                            Criminal no. 2:06cr1KS-MTP-03

KIMBERLY A. CASTLE

## ORDER GRANTING MOTION TO QUASH SUBPOENA

THIS MATTER is before the court on the motion [216] filed by Countrywide Home

Loans, Inc. seeking to quash the subpoena duces tecum served by defendant KIMBERLY A.

CASTLE pursuant to Federal Rule of Criminal Procedure 17©)(2), and the court having

considered the motion finds that it should be GRANTED, and finds more specifically that:

1.      The subpoena duces tecum is not returnable to trial or a scheduled hearing;

2.      The documents requested are not identified with reasonable specificity.  Rather,

        the subpoena appears to be a general "fishing expedition."  The subpoena directs

        production of "Any and all records related to any internal or external investigation

        done by Countrywide or any other entity, whether private or governmental, into

        fraudulent or suspicious loans obtained through the Hattiesburg, Mississippi

        office." [216-2] and

3.      Castle did not respond to the Motion to Quash or otherwise address the arguments

        set forth in the motion.

The United States Supreme Court has adopted a four-part test outlining the showing a

party must make in order to survive a motion to quash a subpoena duces tecum under Rule 17©):

[T]he moving party must show: (1) that the documents are evidentiary and relevant; (2) that they

are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that

the party cannot properly prepare for trial without such production and inspection in advance of

trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and

(4) that the application is made in good faith and is not intended as a general "fishing

expedition." *United States v. Nixon,* 418 U.S. 683, 699-700, 94 S.Ct. 3090, 3103, 41 L.Ed.2d

1039 (1974) (citation omitted). "Requesting entire files instead of specific documents indicates a

fishing expedition."  *U.S. v. King*, 164 F.R.D. 542, 545 (D.C. Kan.1996);  *See also* 3 Wright,

*Federal Practice and Procedure*: *Criminal* § 275 (2000).

Castle has not made the showing required by *Nixon*.  Moreover, the subpoena does not

request specific records and is more in the nature of a general request for discovery.

IT IS, THEREFORE, ORDERED and ADJUDGED that the *Motion* [216] to *Quash*

*Subpoena* is hereby granted and the subpoena is hereby set aside and held for naught.

SO ORDERED this the 29th day of September, 2006.

s/ Michael T. Parker
United States Magistrate Judge