IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

UNITED STATES OF AMERICA

VS.                                                                     CRIMINAL NO.  2:06C1KS-MTP

KIMBERLY CASTLE, et al.                                                              DEFENDANT

## MEMORANDUM OPINION

This cause is before the court on defendant Kimberly Castle's amended emergency motion to dismiss the indictment against her or, in the alternative, to compel the government to produce transcripts of all grand jury proceedings and to grant a continuance of the upcoming trial to allow the parties time to review the transcripts.

Castle argues that prejudicial and misleading testimony was given to the grand jury by Special Agent Robert Pines on January 24, 2006, in response to questioning by the Assistant United States Attorney about a videotape of a December 2002 seminar attended by Castle and co-defendant Richard B. Lucas.  Specifically, Special Agent Pines testified that on the videotape, Castle shook her head indicating agreement with Lucas' statement about "no down payment" being required, whereas Castle apparently shook her head in response to a different question - about refinancing and returning $120,000.00 to a "Ms. Katherine" - and the statement by Lucas about no one ever putting any money down actually occurred after Castle shook her head.

The court has reviewed the DVD of the seminar in its entirety[1] as well as the relevant

---

[1] The DVD provided to the court by Castle, which apparently was converted from the original videotape, has extremely poor visual quality.  Nevertheless, the court was able to

1

portion of Special Agent Pines' testimony (appended to the government's response to the motion to dismiss), and has also reviewed the parties' briefs and listened to the parties at length during oral argument on this motion. For the reasons discussed below, the court finds that Castle's motion is not well taken and should be denied.

First, although Special Agent Pines' testimony was arguably misleading, the court notes that the DVD reflects that Lucas made several statements in Castle's presence regarding "no down payments" or "no money down," without Castle objecting or commenting. Indeed, at the conclusion of the videotape Castle tells Lucas that he did a "good job." Thus, it was a reasonable inference from the DVD as a whole that Castle agreed with Lucas' statements or, at least, acquiesced in them. "After indictment, the judiciary's role in policing the credibility of witnesses before a grand jury is minimal." *U.S. v. Strouse*, 286 F.3d 767, 771 (5th Cir. 2002). Accordingly, even if Special Agent Pines' testimony rose to the level of perjury (which this court does not believe, and which even Castle was not willing to allege), in order to justify dismissal of the indictment such perjury would need to have been "knowingly sponsored by the government." *Id.* At most, Special Agent Pines made a mistake in his characterization of one portion of the videotape - a mistake that is a reasonable inference from other portions of the videotape.

Moreover, where, as here, there is a claim of prosecutorial misconduct with respect to a grand jury proceeding, the indictment can be dismissed only upon a showing of actual prejudice to the defendant, which means that the alleged violations substantially influenced the grand jury's decision to indict or that there is "grave doubt that the decision to indict was free from such substantial influence." *Bank of Nova Scotia v. U.S.*, 487 U.S. 250, 263 (1988); *U.S. v. McKenzie*,

---

thoroughly review the DVD for the purposes of this motion.

678 F.2d 629, 631-32 (5th Cir. 1982).  Castle cannot meet this burden because there is no reason to believe that Special Agent Pines' testimony substantially influenced the grand jury.[2]

As for Castle's alternative request for production of the transcripts of the grand jury proceedings, the court finds that the burden has not been met here either.  "The proper functioning of the grand jury system depends upon the secrecy of the grand jury proceedings." *U.S. v. Miramontez*, 995 F.2d 56, 59 (5th Cir. 1993).  For this reason, "[t]he secrecy of grand jury proceedings is not something that is intruded into except in rare circumstances." *Shields v. Twiss*, 389 F.3d 142, 147 (5th Cir. 2004).  Rule 6(e)(E)(ii) of the Federal Criminal Code and Rules provides that a court may authorize disclosure of grand jury proceedings "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury."  The party seeking disclosure has the burden of demonstrating that a "particularized need" exists for the materials that outweighs the policy of secrecy. *Miramontez*, 995 F.2d at 59 (*citing Pittsburgh Plate Glass Co. v. U.S.*, 360 U.S. 395, 400 (1959)).  Whether or not to order disclosure of grand jury proceedings is committed to the discretion of the trial judge. *Pittsburgh*, 360 U.S. at 398-99.  This court has already found that Castle has failed to show that there are any grounds to dismiss the indictment.  The court also finds that Castle has failed to establish a  "particularized need" for additional grand jury materials.  The objectionable portion of Special Agent Pines' testimony is already in Castle's possession, and the court agrees with the government that Castle is now trying to go on a "fishing expedition" to uncover more

---

[2] Indeed, Special Agent Pines' grand jury testimony indicates that there was other evidence presented to the grand jury - namely, checks and HUD-1 settlement sheets, demonstrating Castle's knowledge that the borrowers were not the source of funds for the down payments (the crucial issue in the government's case against Castle).

3

alleged defects in the grand jury proceedings. There is simply no basis to order disclosure of the grand jury proceedings and Castle's request is therefore denied.

Ultimately, the question of what inferences or conclusions can be drawn from the videotape will be for the petit jury in this case to determine at trial. Defendant Castle is asking this court perform that fact-finding function instead, which this court will not do.

IT IS, THEREFORE, ORDERED AND ADJUDGED that Kimberly Castle's amended emergency motion to dismiss the indictment [**# 340**] is denied.

SO ORDERED and ADJUDGED on this, the 24th day of October, 2006.


s/ *Keith Starrett*
UNITED STATES DISTRICT JUDGE