IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION


**UNITED STATES OF AMERICA**

**VERSUS**                                              **CRIMINAL ACTION NO. 2:06cr1KS-MTP**

**RICHARD B. LUCAS, ET AL**


## ORDER

This matter is before the court on Motion to Dismiss Count 1 of the Indictment with Respect to Conspiracy to Commit Bank Fraud Pursuant to Title 18 U.S.C. Section 1344 and False Loan Application Pursuant to Title 18 U.S.C., Section 1014 and Count 2 of the Indictment, Bank Fraud **[#317]** and on separate Motion to Dismiss Count 2 **[#312]** for failure to allege essential elements of the crimes charged.  These two motions were filed on behalf of Defendant Castle and joined by several co-defendants, most of whom have entered guilty pleas subsequent to the argument on these motions.  To the extent that other remaining co-defendants join in these motions, this ruling applies equally to them.  The court, having reviewed the motions, the response of the United States, the authorities cited and having received oral argument on October 18, 2006, finds that the motions are not well taken and should be denied.

The defendant challenges the sufficiency of the Indictment in motion #317 by contending that the indictment returned with respect to Count 1 alleging a conspiracy to commit bank fraud and false application pursuant to 18 U.S.C. § §1344 and 1014, along with the allegation in Count 2 for bank fraud pursuant to 18 U.S.C. § 1344 are insufficient as a matter of law and must be dismissed or stricken.  To support this argument, the

defendant asserts that the government must prove under 18 U.S.C. §1014 and 18 U.S.C. § 1344 that each of the particular banks was insured by the F.D.I.C. or other agency and that the government has not alleged facts that satisfy all the elements necessary for an indictment.

On the other motion, #312, the defendant contends that Count 2 is defective because there is no plain, concise and essential facts alleged which constitute the offense charged therein nor are the specific financial institutions allegedly defrauded identified. The government responds that the defendants have overlooked the second paragraph of Count 2, which charges that the defendants "knowingly executed a scheme and artifice to obtain funds owned by, or under the custody or control of a financial institution by means of materially false and fraudulent pretenses, representations, and promises," and that the Indictment, taken as a whole, properly identifies the specific financial institutions allegedly defrauded.

"An indictment ..., if valid on its face, is enough to call for trial of the charge on the merits." *Costello v. United States*, 350 U.S.359, 363 (1956). On a motion to dismiss an indictment for failure to state an offense, which is a challenge to the sufficiency of the indictment, the court is to "take the allegations of the indictment as true and to determine whether an offense has been stated." *United States v. Kay*, 359 F.3d 738, 742 (5th Cir. 2004) (*quoting United States v. Santos-Riviera*, 183 F.3d 367, 369 (5th Cir. 1999)). A party may move the court under Federal Rule of Criminal Procedure 12(b) to dismiss based on "any defense, objection, or request that the court can determine without a trial of the general issue." F.R.Crim.P. 12(b). However, the Fifth Circuit has cautioned: "[I]n testing the sufficiency of an indictment, a court must not pierce the pleadings and make a

2

premature resolution of the merits of the allegations." *United States v. Cadillac Overall Supply Co.*, 568 F.2d 1078, 1082 (5th Cir.), *cert. denied*, 437 U.S. 903 (1978).

Count 1 of the Indictment states:

7. At all times material this indictment, the Federal Deposit Insurance Corporation ("FDIC") was an agency of the United States Government, which insures the deposits of financial institutions throughout the United States.

8. At all times material to this Indictment, Countrywide Home Loans, Inc. ("Countrywide") was the main operating subsidiary of Countrywide Financial Corporation, formerly known as Countrywide Credit Industries, Inc., a depository institution holding company within the definition of the Federal Insurance Act.

9. At all times material to this Indictment, Alliance Funding Company ("Alliance") as a subsidiary of Superior Federal Bank, FSB, a financial institution with deposits insured by the FDIC.

In the #317 motion, the defendant alleges that the government does not state that Countrywide Home Loans, Inc. nor Alliance Funding, Inc. are federally insured and that the Fifth Circuit has repeatedly held that proof of FDIC insurance is not only an essential element of bank fraud, but it is necessary for the establishment of federal jurisdiction.

The government responds that it has never contended that Countrywide Home Loans, Inc. nor its parent is federally insured, nor is it required to be for violation of Title 18, United States Code, Section 1344. The government points out that Section 1344 includes within its ambit efforts to defraud and otherwise obtain money by fraudulent pretenses not just from banks but also from any qualifying "financial institution." As the government also points out, "financial institution" is defined to include "a depository holding company (as defined in section 3(w)(1) of the Federal Deposit Insurance Act)." 18 U.S.C. § 20(6). Section 3(w)(1) of the Federal Deposit Insurance Act, as codified, defines "depository institution holding company to mean a bank holding company or a

3

savings and loan holding company." 12 U.S.C. § 1813(w)(1).  Further, Countrywide received approval to become a bank holding company bank by order of the Federal Reserve Board on April 11, 2001, before any of the transactions at issue in this case.

The government has likewise not contended that Alliance Funding Inc. is a federally insured entity, but that its parent, Superior Bank FSB, was FDIC-insured at the time of the conduct at issue here and that injury to the subsidiary (Allied) impacted the parent (Superior).

After hearing oral argument and considering the authorities cited and argued by the parties, the court is of the opinion that the Indictment sufficiently charges the defendants under the cited sections and that the motion to dismiss should be denied. This conclusion does not diminish the government's responsibility to prove the necessary elements in order to support a conviction under each of the quoted sections at trial.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Dismiss Count 1 of the Indictment with Respect to Conspiracy to Commit Bank Fraud Pursuant to Title 18 U.S.C. Section 1344 and False Loan Application Pursuant to Title 18 U.S.C., Section 1014 and Count Two 2 of the Indictment, Bank Fraud **[#317]** and the separate Motion to Dismiss Count 2 **[#312]** for failure to allege essential elements of the crimes charged filed on behalf of Defendant Castle are each Denied.

SO ORDERED AND ADJUDGED this the 24th day of October, 2006.

s/ *Keith Starrett*
UNITED STATES DISTRICT JUDGE