**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**UNITED STATES OF AMERICA**

**VERSUS**                                         **CRIMINAL ACTION NO. 2:06cr1KS-MTP**

**RICHARD B. LUCAS, ET AL**

<u>**ORDER**</u>

　　This matter is before the court on Motion to Dismiss Count 1 of the Indictment for

Duplicity **[#318]** filed on behalf of Defendant Castle.  This motion was joined by several

co-defendants, most of whom have entered guilty pleas subsequent to the argument on

the motion.  To the extent that other remaining co-defendants join in the motion, this

ruling applies equally to them.  The court, having reviewed the motion, the response of

the United States, the authorities cited and having received oral argument on October 18,

2006, finds that the motion is not well taken and should be denied.

　　The defendant correctly recognizes that Count 1 of the Indictment alleges that the

defendant and others committed a Conspiracy in violation to Title 18, United States Code,

Section 371 but then assert that the Count 1 allegations are duplicitous and in effect

charge more than one crime in the single count which is confusing, prejudicial and will

potentially result in uncertainty as to whatever any decision by the jury is unanimous.  The

United States counters that the defendant ignores settled law that a conspiracy allegation

can charge more than one object and in so doing is not duplicitous.

　　As the Fifth Circuit has held "[d]uplicity' is the joining in a single count of two or

more distinct and separate offenses." *United States v. Cooper* 966 F.2d 936, 939, fn.3

(5th Cir.); *cert. denied* 506 U.S. 980, 113 S.Ct. 481, 121 L.Ed.2d 386 (1992)(*quoting*

*United States v. Lyons*, 703 F.2d 815, 821 n. 8 (5th Cir.1983)).  Further, as pointed out in *Cooper*,

> The ban against duplicitous indictments derives from four concerns: prejudicial evidentiary rulings at trial; the lack of adequate notice of the nature of the charges against the defendant; prejudice in obtaining appellate review and prevention of double jeopardy; and risk of a jury's nonunanimous verdict. *See generally* 1 Charles A. Wright, Federal Practice and Procedure § 142 (2d Ed. 1982).

*Id.*  The *Cooper* Court also recognized the settled law that "[t]he allegation in a single count of a conspiracy to commit several crimes is not duplicitous, for '[t]he conspiracy is the crime, and that is one, however diverse its objects.' " *Id.* (*quoting Braverman v. United States,* 317 U.S. 49, 54, 63 S.Ct. 99, 102, 87 L.Ed. 23 (1942)).  *See also United States v. Lyons*, *supra*; *United States v. Elam, 678 F.2d 1234, 1250 (5th Cir.1982); United* States v. Avila-Dominguez, 610 F.2d 1266, 1270 (5th Cir.), *cert. denied*, 449 U.S. 887, 101 S.Ct. 242, 66 L.Ed.2d 113 (1980).

In the present case, the Indictment charges one conspiracy with multiple criminal objects.  That does not make the Indictment duplicitous.  The court agrees with the parties that special care will be required in instructing the jury and in presenting a special verdict so as to assure unanimous agreement on at least one object of the conspiracy in the event the jury votes to convict on this count.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Dismiss Count 1 of the Indictment for Duplicity **[#318]** filed on behalf of Defendant Castle is Denied.

SO ORDERED AND ADJUDGED this the 26th day of October, 2006.


*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE