IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

UNITED STATES OF AMERICA

VS.                                                              CRIMINAL CASE NO. 2:06cr1-KS-MTP-03

KIMBERLY A. CASTLE

<u>ORDER DENYING REVISED MOTION FOR NEW TRIAL
PURSUANT TO RULE 33 FED. R. CRIM. P.</u>

This cause is before the Court on [454] Reviewed Motion for New Trial pursuant to Rule 33 Fed. R. Crim. P. filed by Kimberly A. Castle by and through her attorney and the Court after hearing and duly considering the same finds as follows, to-wit:

**COUNT 1, CONSPIRACY TO COMMIT WIRE FRAUD (18 U.S.C. 371),
COUNTS 3-12 , WIRE FRAUD (18 U.S.C. 1343), AND
COUNT 12, CONSPIRACY TO COMMIT MONEY LAUNDERING (18 U.S.C. 1956(h))**

In her motion Castle alleges that there has been newly discovered evidence. Some of her co-defendants have withdrawn their previously entered guilty pleas to conspiracy to commit bank fraud and/or bank fraud and entered pleas to other charges. Count One of the indictment alleges conspiracy to commit bank fraud and conspiracy to commit wire fraud. The jury was instructed as to both and responded to special interrogatories. The scheme was the same for bank fraud and wire fraud and in order for their to be a granting of a Rule 33 motion, there must be significant new evidence that is discovered. The evidence must be material and sufficient to "probably produce a different result at a new trial." *United States v. Met*, 652 F. 2d 478, 479 (5th Cir. 1981).

The Court finds that the new evidence is not sufficient to justify the granting of a Rule 35 motion.

**NEW EVIDENCE REGARDING COUNTYWIDE HOME LOANS**

Movant suggests that there has been new evidence discovered that Countrywide Home Loans was not the victim. This Court finds that there is no basis for a Rule 33 motion in this allegation and it is denied.

That the newly decided case of *United States v. Kevin Howard*, U.S. District Court from the Southern District of Texas, 4:03-cr-93 requires a new trial.

This Court finds that the case of *United States v. Howard* was a general verdict. In this case there were special interrogatories that were submitted to the jury and Howard is clearly distinguishable from the case before the Court.

## IN THE ALTERNATIVE, AS TO COUNT 12, CONSPIRACY TO COMMIT MONEY LAUNDERING

Castle further moves for a new trial or for dismissal as to Count 12 based on newly discovered evidence alleging on ambiguity. The Court finds that no new trial should be ordered as evidenced by the special verdict.

For the reasons above stated, the Revised Motion for New Trial Pursuant to Rule 33 Fed. R. Crim. P. is overruled.

SO ORDERED this, the 22nd day of March, 2007.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE