IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

UNITED STATES OF AMERICA

VS.                                                                            CRIMINAL NO. 2:06cr1-KS-MTP

KIMBERLY A. CASTLE

ORDER OVERRULING MOTION FOR BAIL PENDING APPEAL

This cause is before the Court on [496] Motion for Bail Pending Appeal, [501] Response thereto filed by the United States and the Court after considering the pleadings, previous proceedings, applicable case and statutory law and being fully advised in the premises, does hereby find that the Motion for Bail pending appeal should be **denied** for the following reasons.

18 U.S.C. § 3143(b) provides as follows:

> ***Release or Detention Pending Appeal by the Defendant -*** (1) Except as provided in Paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a *writ of certiorari* be detained, unless the judicial officer finds -
>
> (A) By clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under § 3142(b) or (c) of this title; and
>
> (B) That the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in -
>
> (i) reversal,
> (ii) an order for a new trial,
> (iii) a sentence that does not include a term of imprisonment, or
> (iv) a reduced sentence to a term of imprisonment less than the term of the time already served plus the expected duration of the appeal process.
>
> If the judicial officer makes such findings, such judicial officer shall order the release for the person in accordance with § 3142(b)

>or (c) of this title, except that in the circumstances described in sub-paragraph (B)(iv) of this paragraph, the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence.

The Court is required to incarcerate Movant unless she meets both prongs of a two prong test. The first of these is that she prove by clear and convincing evidence that she is not likely to flee or pose a danger to the safety of any other person or the community if released. The Movant establishes this prong in that she has functioned for an extended period of time as a professional in the community and has significant community ties. Additionally, she has presented herself before the Court in a timely manner. Accordingly, the Court finds that she is not a person likely to flee or pose a danger to the safety of any other person or the community.

The second prong is that she must establish by clear and convincing evidence that the appeal is not for the purpose of delay and raise a substantial question of law or fact likely to result in: (i) reversal, (ii) an order for new trial, (iii) a sentence that does not include a term of imprisonment or (iv) a reduced sentence to a term of imprisonment less than the total time already served plus the expected duration of the appeal process.  Therefore, the burden is on Ms. Castle to establish that the appeal raises a substantial question of law or fact <u>and</u> that the substantial question, if decided favorably to the defendant, is likely to result in a reversal, in an order for a new trial, or in a sentence without imprisonment or in a sentence with reduced imprisonment.  In her memorandum she lists five alleged substantial questions which will be addressed separately.

>A.   <u>Motion to Suppress</u> - Castle raises the issue that the Court erred in denying her Motion to Suppress the search of her office. This Court conduced a lengthy suppression hearing and ruled adversely to Movant.  Castle was very cooperative with at least part of the search and furnished many documents voluntarily and also

      furnished access to her files voluntarily. None of the other issues raised in the suppression hearing approximated bad faith on the part of law enforcement officials. The Court denied the Motion to Suppress. The Court further finds that the ruling on the suppression motion does not raise a substantial question that would result in Castle's conviction being set aside or a new trial ordered.

B.   <u>Motion to Dismiss</u> - the Court has heard very lengthy and detailed Motions to Dismiss alleging a number of specific grounds. None of the issues alleged in the Motion to Dismiss deprived Castle of a fair trial. The jury found against her on each count after hearing all of the proof. While there may have been imperfections in the long and arduous process in bringing this case to trial, all of Castle's constitutional and statutory rights were protected.

C.   <u>Motion for New Trial and Additional Motion for Rule 29</u> - the Court has adequately ruled on the Motion for New Trial and on the Motion for Rule 29 and ruled adverse to Castle. Nothing has been shown to the Court that would cause this Court to believe that a substantial question has been raised, either as to the law or to the facts, that would result in a favorable ruling for Castle either setting aside the conviction or granting a new trial.

D.   <u>Jury Selection Process</u> - the jury selection process has been used by the Court for years. The attorneys were made aware of the jury selection process prior to the day of trial and were allowed to ask questions of the Court. No significant objection was made as to the jury selection process, nor was there any authority cited to the Court which demonstrated its impropriety. The Court conducted a *voir dire* and allowed defense counsel a significant amount of time for *voir dire*, dealt

with challenges for cause and gave an appropriate amount of peremptory challenges to each side. The jury selection process was uneventful and this Court finds that there is little hope that a substantial question will be shown in the jury selection process that will result in the conviction being set aside or a new trial ordered.

(E)     <u>Jury Instructions</u> - The Court instructed the jury adequately and most of the objections of the defendants were agreed to and instructions modified to meet said objections. The Court further finds that Movant has not shown by clear and convincing evidence that there is a substantial question regarding the jury instructions that will result in her conviction being set aside or a new trial granted.

Government's Appeal - the Government is appealing the Court's ruling regarding federal question jurisdiction as to the bank fraud counts.  The Court ruled in favor of Castle and it is hard to understand how this issue could in any way result in a new trial or a reduction in sentence.

For all of the reasons above stated and from the clear record in this case, the Court finds that it is under an obligation to apply § 3143 unless Castle has shown to the Court by clear and convincing evidence a substantial question of law or fact that is likely to result in a reversal, an order for a new trial, a sentence that does not include a term of imprisonment or a reduced sentence to a term of imprisonment less than the total time already served plus the expected duration of the appeal process.  She has not done this and the Motion for Bail Pending Appeal is **denied.**

SO ORDERED this the 10th day of April, 2007.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE